UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

v.

SEQUIOYA HARRIS

Case No. 2:17-cr-00071

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of is reduced to . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of          months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

Defendant has failed to establish that extraordinary and compelling circumstances warrant termination or a reduction of her sentence. Her general concerns about exposure to COVID-19 does not rise to the level of "extraordinary and compelling circumstances" especially when Defendant has already contracted and recovered from COVID-19 and has since been vaccinated. See Opp'n at 7-10; United States v. Smith, 2:98-CR-00009-KJM-CKD, 2021 WL 1890770, at *5 (E.D. Cal. May 11, 2021); United States v. Eberhart, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020). Further, her family circumstances do not constitute extraordinary and compelling reasons. While her children may be struggling without her, they are not without caretakers during her incarceration. See United States v. Cole, 2021 WL 194194 (E.D. Mich. Jan. 20, 2021) ("A crime often inflicts harm, not only on a direct victim, but on those in a defendant's circle of family and friends who depend on that defendant for all manner of support.") Finally, Defendant has only served approximately ten months of her 33-month sentence. Mot. at 1-2, ECF No. 123. Considering the serious nature of her crime, a reduction in sentence, or a transfer to home

confinement, at this point would undermine the 18 U.S.C. § 3553 sentencing factors by minimizing the original sentence's deterrent effect and failing to protect the public from the possibility of further crimes by Defendant. Accordingly, Defendant's Motion to Reduce Sentence is DENIED.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant’s request by the warden of the defendant’s facility.

IT IS SO ORDERED.

Dated: 9/10/21

UNITED STATES DISTRICT JUDGE